**Estill NEWSOME, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 21, 1958.

W. W. Burchett, Prestonsburg, for appellant.

Jo M. Ferguson, Atty. Gen., Seth T. Boaz, Jr., Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Estill Newsome was convicted of the crime of willfully and maliciously shooting at and wounding another with intent to kill. KRS 435.170(1). He was sentenced to serve two years in the state reformatory. On appeal, he urges that the court erred in instructing the jury and there was misconduct on the part of a juror.

The bill of exceptions filed in the record of this case shows that the trial court gave five instructions. The appellant was found guilty under Instruction No. 1. According to the bill of exceptions, the phrase "willfully, maliciously, and not in self-defense" is omitted from the instruction. Otherwise, it is in the usual form given under KRS 435.170(1). See Stanley's Instructions to Juries, Volume 3, Section 807(1), page 53. The appeal was briefed by counsel for both parties on the point made by counsel for appellant that the omission of "willfully, maliciously" made the instruction defective. This Court so held in its opinion rendered December 13, 1957, and reversed the judgment. No contention was made concerning the omission of "and not in self-defense".

Appellee has filed a petition for rehearing based on a supplemental bill of excep-

tions in which it appears that Instruction No. 1 given at the trial contained the pertinent words and was correct. The supplemental bill of exceptions contains the original handwritten instructions. The missing words appear therein as a single line.

The original bill of exceptions was certified by the official reporter to contain a true and correct transcript of the instructions given. This was examined and approved by the trial judge. Criminal Code of Practice, Section 282.

■ The responsibility for a correct record is shared by the official reporter, trial judge, and counsel for the appellant. It is recognized that the trial judge, of necessity, must depend on the reporter and counsel to see that the record is correct. The ultimate responsibility is on the counsel who initiates the appeal and asserts to this Court that there is an error in law in the proceeding. The problems of this Court are made more difficult by clerical errors in and omissions from the record. See Dalzell v. Commonwealth, Ky., 312 S.W.2d 354, wherein the identical type error occurred and was corrected by order of this Court.

■ It is of the utmost importance that a true and correct record of the trial proceedings be made for consideration on an appeal. A true record is the basis for the correct application of the law for a just decision. The omitted portion of the instruction was obviously a clerical error. Counsel should have compared the reporter's record with the original instructions before briefing the point as reversible error. Had this been done in this and in the Dalzell case, much time and trouble, as well as some expense, would have been saved. Reporters are not infallible. The counsel on appeal is responsible for seeing that the record is correct.

The second ground urged for reversal is based on the joint affidavit of two deputy sheriffs filed in support of the motion for a new trial. According to the affidavit, one of the jurors, during the noon hour recess, said to them:

"I am on this present jury where they are trying these Newsomes. I was sitting over there unexpected, me and another fellow, they come over and summoned us and both sides took us without any questions. I have always told these lawyers that if they took me and if it was a bad case they better not accept me. The evidence looks pretty bad in this case. I am liable to give this fellow, Newsome a good stinging. There has been three (3) or four (4) witnesses sworn."

Admittedly, the statement is in violation of the admonition provided in Criminal Code of Practice, Section 246. It is urged that the statement indicates bias.

■ The evidence is conflicting as to how the shooting occurred. The proof for the prosecution fully established an unjustified shooting, while appellant sought to prove self-defense. It was within the province of the jury to believe either set of witnesses and return an appropriate verdict. In the event of a verdict of guilty, it could have fixed the punishment at twenty-one years instead of two years, the minimum.

■ The statement of the juror that the evidence "looks pretty bad" does not indicate any bias since the testimony of the first witnesses shows it to be a "pretty bad" case. In view of the verdict, the statement as to the "good stinging" concerned a possibility which did not occur and did not indicate a settled opinion. The juror's statement showed a willingness to do his duty. It does not affirmatively appear that any substantial right of appellant was prejudiced by the conduct of the juror. There is no reversible error. Criminal Code of Practice, Section 340; Tuggle v. Commonwealth, 262 Ky. 440, 90 S.W.2d 698.

Judgment affirmed.